AYRES, Judge.
This is an action for a declaratory judgment and other appropriate relief relative to an interpretation of certain provisions of LSA-R.S. 47:1989, which provisions, so far as pertinent, read as follows:
“The lawful authorities of each parish or other subdivision levying, assessing and collecting taxes, shall have full liberty to levy taxes on, and fix valuations at, less than actual cash valuations as they deem fit, provided that the percentage of the actual cash valuation of the property assessed in any parish shall not fall below twenty-five per centum (25%) of the actual cash valuation as fixed by the tax commission; provided further that for local purposes the percentage shall operate equally and uniformly on all taxable property within the parish or other local subdivision on the basis of the actual valuation fixed by the tax commission; * * * ” (Emphasis supplied).
More specifically stated, the court is requested to construe the aforesaid provisions so as to authorize plaintiff Police Jury to levy one or more local taxes on a percentage of assessed property valuation within the limits provided by the statute without being compelled to apply the same percentage of assessed valuation to any other tax or to all other taxes levied by it. The court was further requested to select and define a proper method of computing exemptions for veterans and other home owners provided for under Article 10 § 4 of the 1921 Constitution of Louisiana, as amended, and payable out of the Property Tax Relief Fund as provided in LSA-R.S. 39:251 et seq. In this connection plaintiff requests the determination of a formula so as to first apply the percentage assessment of the assessed valuation before deducting the full exemptions for veterans and other home owners.
*782 The taxes directly concerned herein are a %oths mill for the juvenile court and detention home, and a Jloth mill for their support.
The defendants’ Legislative Auditor, State Treasurer and the Tax Commission of the State of Louisiana filed exceptions to the venue which were in due course overruled. It appears appropriate to note here that the issues presented by these pleas are no longer before the court inasmuch as these exceptors neither appealed nor have they answered plaintiff’s appeal.
Thereafter, all defendants filed answers, some of which were to the effect that the interpretation of the statute sought was contrary to the legislative intent and purpose as expressed in the act and particularly as expressed in the aforesaid constitutional provision that a percentage of the assessed value of property selected by a subdivision of the State governing the assessment or levying of taxes must be applied uniformly to all levies, made by such subdivision. The interpretation of the statute as sought by the Police Jury was rejected as was its method of computation of the exemptions of veterans and other home owners. The trial court held, and its judgment so decreed:
“1.
“That the provisions of R.S. 47:1989 preclude the Caddo Parish Police Jury from levying one or more ad valorem taxes on a percentage of actual cash [assessed] valuation (so long as the percentage of actual cash valuation does not fall below 25% of the actual cash valuation as fixed by the Tax Commission, and so long as the said percentage of actual cash [assessed] valuation operates equally and uniformly on all taxable property within Caddo Parish), without being compelled to apply said percentage of actual cash [assessed] valuation upon all other taxes under the jurisdiction of the Caddo Parish Police Jury.
“2.
“It is further declared that the proper method by which to compute exemptions for veterans and other homeowners, should the Caddo Parish Police Jury apply a percentage of actual cash valuation, would be to apply the percentage figure to both the assessment and the exemption. * * * ”
Such as, for example:
“Assessment 10,000 10,000
75% of Assessment 7.500 7,500
Less 75% of 2,000 Homestead Exemption 1.500 none
Taxable to Owner 6,000 7,500
Millage _.4 A_
Tax to Owner 2.40 3.00
Homestead Refund to Parish by Property Tax Relief Fund .60 none
Total Tax $ 3.00 $3.00”
The statute sought to be interpreted must be read and construed in relation to the constitutional provisions contained in Article 10 § 1 of the Constitution of Louisiana of 1921, as amended, to the effect that “ * * * all taxes shall be uniform upon the same class of subjects throughout the territorial limits of the taxing authority levying the tax. * * * The valuation and classification fixed for state purposes *783 shall be the valuation and classification for local purposes; but the taxing authorities of the local subdivisions may adopt a different percentage of such valuation for purposes of local taxation(Emphasis supplied).
Thus, there is authority for a subdivision of the state to adopt for local tax purposes a percentage of the assessed value of property as assessed for state purposes. However, we find no authority, constitutional or statutory, for applying a percentage basis of assessment to a single levy or tax without applying the same percentage to all local levies or taxes in the same subdivision. Such would not be a general percentage basis for all local levies or taxes for a local taxing authority.
It clearly appears from the constitutional provision, hereinabove quoted, that the intent is clear that any percentage adopted by a local taxing authority must apply to all levies made by that authority. The Supreme Court, in State ex rel. City of New Orleans, et al. v. Louisiana Tax Commission, 171 La. 211, 130 So. 46 at page 47, stated:
“ * * * the Louisiana Tax Commission has the authority to fix and equalize the assessments or valuations of property for the purpose of collecting state taxes; and the local assessing authority must adopt the assessments or valuations fixed by the Tax Commission, or a percentage thereof, not below 25 per cent * * *.” (Emphasis supplied).
Obviously the decision in that case does not support the proposition that local assessing authorities may adopt varying percentages. It would appear consonant with standard principles of government to require a taxing authority to apply the same percentage to all ad valorem taxes levied by the taxing authority.
The enormity of the problem and the confusion that would develop if plaintiff’s theory were adopted is almost self-evident. In such an event the Police Jury might select various and different percentages of the assessed value of property for each of the several taxes levied by it. School boards, levee districts and municipalities of the same parish might do likewise. If the taxing authorities of one parish may adopt such various percentages of value for each of the levys made by it, then the taxing authorities in all sixty-four parishes might do likewise. The system of taxation ■would thus be far from uniform and would likely produce a state of chaos. We are unable to perceive there was any intent to achieve such a result by either constitutional or legislative authority.
The declared purpose in requesting the interpretation of the statute as contended for by plaintiff was to lessen the proportion of the tax levies to be paid by home owners and to increase the burden of payment upon the Property Tax Relief Fund. In that regard it may again be pointed out that if all local taxing authorities of the state were permitted to pursue the same course, the Property Tax Relief Fund could easily be placed in jeopardy or depleted.
The position of the State of Louisiana through the Property Tax Relief Fund is that of a taxpayer. This fund pays the exemptions. Therefore, to permit home owners to pay taxes on a percentage of the assessed value and require the state to pay the tax exempted to the home owners on the full assessed value of property would result in a clear discrimination against the state as a taxpayer and in favor of the other taxpayers. This we do not believe was the intention of the constitutional and statutory enactments, nor were they contemplated by the people in adopting the constitution or by the legislature in exacting the statute herein sought to be interpreted.
We find no basis for disagreement with the conclusions reached by the trial court nor with the judgment appealed.
In the event the millage as authorized to be levied is more than sufficient for the purposes for which the tax was voted, a *784 reduction in the tax rate would accomplish the purpose intended by a reduction in the assessment.
The judgment appealed is, therefore, affirmed except plaintiff-appellant is assessed with only such cost as is legally assessable against it.